JOHN J. STAHL,
*Referee.*

NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

JOSEPH BESSLER, PETITIONER, v. CHARLES MILLER & COMPANY, RESPONDENT.

For the petitioner, *Samuel Harber.*

For the respondent, *McCarter & English.*

\*  \*  \*  \*  \*  \*  \*

Petitioner alleges that he sustained an accident arising out of and in the course of his employment with the respondent on May 11th, 1928. He says that at that time he was employed as a pig shaver, and while so engaged was injured by the falling of a barrel which he was lifting with one of his co-workers and which fell upon his stomach. He alleges that as a result of the said accident he sustained serious and permanent injury. He alleges that he received a rupture, that he received serious injuries to his stomach, and that he has suffered otherwise internally; that his digestion of food has been disturbed; that he suffers from loss of sleep, and that he has been otherwise disabled. Petitioner claims very serious total permanent disability.

Respondent denies all of the alleged conditions of injury of the petitioner and alleges that the petitioner was not hurt in any way by reason of the aforesaid accident, but that any injuries which the petitioner claims, or of which he may suffer, are the result of his natural condition and not the result of any accident arising in and out of the course of his employment with the respondent, but the respondent takes all injuries, diseases, and any and all other conditions of petitioner into consideration, including any and all ultimate results of any and all of the various diseases, injuries and conditions of the petitioner, and basing the compromise settlement not only on petitioner's present condition but on any and all developments in his condition of any nature whatsoever which may be by him or by doctors alleged to be results of his alleged accident, either directly or by way of aggravation, is willing to settle the entire matter for six weeks' compensation at $17 a week, making the sum of $102. The respondent also agrees to pay the attorney for the petitioner a counsel fee of $46. All court costs and expenses,

including medical expenses of the petitioner, are to be paid for by the petitioner.

From the testimony and the facts stipulated, this compromise settlement is fair to both sides and is approved by this court upon the distinct understanding of the petitioner and his attorney and the respondent and its attorneys that a fundamental element of this compromise settlement is the fact that any future or further disturbances resulting in an increase of disability to the petitioner are taken into consideration, and are in a large measure the reason for the respondent's willingness to agree to this compromise settlement.

\*     \*     \*     \*     \*     \*     \*

CHARLES E. CORBIN,
*Deputy Commissioner.*